```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────────

**METRO FOUNDATION CONTRACTORS, INC.,**

               **Plaintiff,**         09 Civ. 6796 (JGK)

      - against -               **MEMORANDUM OPINION AND ORDER**

**ARCH INS. CO.,**

               **Defendant.**

─────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

     Third-party defendants Marco Martelli Associates, Inc. ("MMA"), Martelli Real Estate, Inc., Marco Martelli, Madeline Martelli, Ronald Kuhlmann, and Patrick Quigley (collectively, the "Third-Party Defendants") served a notice dated March 18, 2010, on plaintiff Metro Foundation Contractors Inc. ("Metro"), seeking production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.  Metro failed to respond to the document request, and by letter dated May 20, 2010, the Third-Party Defendants reminded Metro of its failure and sought compliance with the request.  Various documents were produced, but the record does not indicate that any response or objections to the request to produce was served.  The record indicates that all responsive documents were not produced in a timely fashion, and indeed all responsive documents have not been produced to date, over seven months later.

In the course of a telephone conference on September 2, 2010, the Third-Party Defendants complained that Metro had failed to comply fully with the request to produce and had not served any objections to justify the failure to respond. The Court therefore entered an order dated September 2, 2010, ordering Metro to "produce all documents responsive to the outstanding discovery requests and answer the outstanding interrogatories by September 17, 2010, subject to any reasonable privilege objections." Metro produced some additional documents, but it did not produce all of the responsive documents and, on September 17, 2010, it served a document titled "Responses and Objections to Third-Party Defendants' Notice of Discovery and Inspection to Plaintiff." That document included formulaic objections to each discovery request that recited that the request was, at the very least, "vague, ambiguous, and overly broad." Some objections also added the complaint that the request was "unduly burdensome." Some objections added that Metro had produced any responsive documents, and others added that Metro "will produce" any responsive documents. Other objections did not make that offer, and did not represent that documents had been produced.

The Third-Party Defendants now move for sanctions for Metro's failure to comply with the Court's September 2, 2010 order. The Third-Party Defendants seek an order (1) barring

Metro from introducing any documents not yet produced that relate to certain allegations, (2) resolving certain issues in favor of the Third-Party Defendants, and (3) requiring Metro or its attorney to pay the reasonable expenses incurred in bringing the present motion, including attorney's fees.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).  The Rule further provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed R. Civ. P. 37(b)(2)(C).

It is plain that Metro failed to comply with the September 2, 2010 order.  Metro did not produce the responsive documents by September 17, 2010.  Rather, it produced some documents, but

its responsive papers indicate that it continued to produce documents after that date, and that it has still not produced all the responsive documents.  Moreover, Metro interposed, for the first time, objections to producing documents.  Those objections were plainly late, and should have been interposed months earlier, in response to the March 18, 2010 request.  The Court's September 2, 2010 order required the production of documents, subject to any claim of privilege.  Metro, in blatant disregard of that order, chose not to produce documents, but to rely on newly asserted objections.  Moreover, in its current papers, Metro makes clear that it is continuing to refuse to produce documents, although ordered to do so, because it has unilaterally determined that those documents, although called for, are not relevant.  Specifically, it contends that

> the payments made by MMA to sub-subcontractors and sub-vendors with whom it was not in privity and had no contractual relationship constitute, as a matter of law, illegal diversions of trust funds to non-trust beneficiaries in violation of Article 3-A of the New York Lien Law . . . .  MMA is thus not entitled to any "offset" for these payments and . . . therefore there is no need for discovery concerning these payments and . . . documents concerning its vendors and subcontractors are not discoverable.

To put it bluntly, despite the Court's order, and despite having failed to assert timely objections to the request for documents, Metro now wilfully refuses to produce responsive documents.  That is plainly sanctionable conduct.  <u>See, e.g.</u>,

4

John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988).

Sanctions should be tailored to the offensive conduct. Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("Rule 37 permits the imposition of 'just' sanctions; the severity of the sanction must be commensurate with the non-compliance."). In this case, it is sufficient to preclude Metro from introducing documents that were responsive to the request to produce and that were not produced. Metro should not be able to rely on documents that were not timely produced. It is not necessary at this point to grant a more severe sanction.

Metro is still required to produce any responsive documents, because those documents may be of assistance to the Third-Party Defendants. Any responsive documents must be produced by **January 21, 2011**.

The Third-Party Defendants are also entitled to the costs of the current motion, including reasonable attorney's fees. Those costs are set out with particularity in the motion papers, in the amount of $3,850. Those costs are reasonable, and will thus be awarded, and assessed against Metro.

The Clerk is directed to close **Docket No. 30**.

**SO ORDERED.**

Dated:     New York, New York
           January 6, 2011

_____
                                John G. Koeltl
                           United States District Judge