**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------
**METRO FOUNDATION CONTRACTORS, INC.,**

             **Plaintiff,**        **09 Civ. 6796 (JGK)**

    - against -         **MEMORANDUM OPINION AND ORDER**

**ARCH INS. CO.,**

             **Defendant.**
--------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Metro Foundation Contractors, Inc. ("Metro"), filed a motion for a stay dated July 4, 2011, seeking to stay "all proceedings in this action pending appeal of this Court's Order entered on May 31, 2011." The motion is denied.

    Courts consider four factors in determining whether to stay proceedings pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (citation omitted). "[T]he degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one [factor] excuses less of the other.'" Id. (citation omitted).

Metro has shown no likelihood of success on the merits of its appeal. Metro has shown no likelihood that there is appellate jurisdiction over its interlocutory appeal. Moreover, on the merits, Metro has shown no likelihood of success. Metro argues that there is no supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims by the third-party defendants against Metro because of an exclusion in 28 U.S.C. § 1367(b) for certain claims by "plaintiffs." However, Metro cites no court of appeals decision to support the proposition that the exclusion applies to claims by third-party defendants, such as those asserted against Metro; unpersuasively attempts to distinguish the decision of the Court of Appeals for the Second Circuit to the contrary, see Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726-27 (2d Cir. 2000); and ignores the unbroken line of cases from other courts of appeals that have rejected Metro's position. See Opinion and Order at 11-12, Metro Foundation v. Arch, No. 09 Civ. 6796 (S.D.N.Y. May 27, 2011) ("Opinion").

For the reasons explained in the Opinion, there is also no likelihood of success on the claim that the Court should have declined to exercise supplemental jurisdiction.

Perhaps most egregiously, Metro does not even address its history of defying court orders and discovery obligations that led the Court to rule that it would enter a default against Metro if it did not produce documents by June 30, 2011. This

was a final chance for Metro, despite its prior decisions to disobey court orders to produce documents.  Opinion at 18.  Rather than comply with the Court's offer of a final chance to comply, Metro filed a notice of appeal on June 23, 2011, and sought a stay from the Court of Appeals.  As an afterthought, Metro brought the current motion in this Court.  Nowhere in the papers in support of the motion for a stay does Metro argue that it complied with the discovery orders of the Court or that the Court erred in any way in ruling that it would issue a default against Metro on the claims asserted by the third-party defendants.  There is no argument that Metro, the plaintiff in the action, should not be required to comply with its discovery obligations.

Metro has failed to show irreparable injury from the failure to grant a stay.  Any alleged errors can be raised in any appeal from the final judgment.

The other parties in this action would be prejudiced by the grant of a stay.  Metro has been dilatory in its responses to discovery.  It only brought the motion to dismiss the third-party claims against it a year and a half after the claims were interposed, and then only in an apparent attempt to avoid its discovery obligations.  The other parties in this action have a right to have this matter decided.

Finally, the public interest argues against the grant of a stay. Metro is in violation of court orders requiring discovery, and this motion is a further effort to delay the consequences of its disobedience of court orders. The public interest would not be served by such a stay.

## CONCLUSION

The motion for a stay is **denied**. The Clerk is directed to close **Docket No. 67**.

SO ORDERED.

Dated:   New York, New York
         July 15, 2011

                                    _____
                                    John G. Koeltl
                                    United States District Judge